# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| LETICIA PALENCIA, on behalf of | * | |
| C.A.P., a minor, | * | |
| | * | No. 20-180V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: September 2, 2020 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Decision dismissing case; |
| | * | failure to prosecute; statute of |
| Respondent. | * | limitations. |
| * * * * * * * * * * * * * * * * * * * | | |

Christopher L. Phillippe, Law Offices of Phillippe & Associates, Brownsville, TX, for petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Leticia Palencia filed a petition on behalf of C.A.P, a minor, under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on February 20, 2020. The petition alleged that C.A.P. developed SIRVA as a result of the Measles series 2 vaccine he received on March 12, 2012.

### I. Procedural History

The procedural history of this case can be found in the order to show cause, filed July 20, 2020. In that order, Ms. Palencia was instructed to show cause as to

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

why this case should not be dismissed by August 24, 2020.  To date, Ms. Palencia has not responded.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

As explained in the decision issued by the undersigned in Machuca v. Secretary of Health & Human Services, No. 20-18V, 2020 WL 4670877 (Fed. Cl. Spec. Mstr. July 17, 2020), the statute of limitations bars this action.  C.A.P. received the allegedly causal vaccine in March 2012.  The statute of limitations requires the filing of the petition within 36 months.  42 U.S.C. § 300aa–16(a)(2).  Although the order to show cause permitted petitioner in this case to explain why her case should continue, she has not offered any justification.

**Thus, this case is dismissed for failure to prosecute and because the claim is barred by the statute of limitations.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master